Cobb v 1710 Carroll Owners Corp. (2024 NY Slip Op 05324)

Cobb v 1710 Carroll Owners Corp.

2024 NY Slip Op 05324

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2021-05083
 (Index No. 508771/18)

[*1]Thomas Cobb, appellant, 
v
1710 Carroll Owners Corp., et al., respondents.

Alter & Barbaro, Brooklyn, NY (Bernard Mitchell Alter and Do K. Lee of counsel), for appellant.
Hagan, Coury & Associates, Brooklyn, NY (Paul Golden of counsel), for respondents 1710 Carroll Owners Corp. and Medallion Real Estate, LLC.
Novick Edelstein Pomerantz P.C., Yonkers, NY (Gregory S. Bougopoulos of counsel), for respondents Scadi Etienne and Chass Properties, LLC.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that an auction transferring the plaintiff's proprietary lease and shares of stock in a cooperative apartment was void, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated June 1, 2021. The order, insofar as appealed from, granted the motion of the defendants 1710 Carroll Owners Corp. and Medallion Real Estate, LLC, for summary judgment dismissing all causes of action insofar as asserted against them except the cause of action for an accounting and, in effect, for summary judgment declaring that the auction transferring the plaintiff's propriety lease and shares of stock in the cooperative apartment was valid, and granted the separate motion of the defendants Scadi Etienne and Chass Properties, LLC, for summary judgment dismissing the amended complaint insofar as asserted against them and, in effect, for summary judgment declaring that the auction transferring the plaintiff's proprietary lease and shares of stock in the cooperative apartment was valid.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the auction transferring the plaintiff's proprietary lease and shares of stock in the cooperative apartment was valid.
In 2016, the plaintiff purchased shares of stock in a cooperative residential apartment building located in Brooklyn with a proprietary lease of an apartment in which he thereafter resided (hereinafter the subject apartment). The defendant 1710 Carroll Owners Corp. (hereinafter Owners Corp.) owns the cooperative residential apartment building, and the defendant Medallion Real Estate, LLC (hereinafter together with Owners Corp., the building defendants), is the building's managing agent. There is no dispute that at some point after his purchase, the plaintiff ceased making his monthly maintenance payments. As a result, Owners Corp. ultimately conducted a nonjudicial auction transferring the plaintiff's proprietary lease and shares of stock in the subject apartment to the defendants Scadi Etienne and Chass Properties, LLC (hereinafter together the purchaser defendants). The plaintiff commenced this action, inter alia, for a judgment declaring that the auction transferring the plaintiff's proprietary lease and shares of stock in the subject apartment was [*2]void.
The building defendants moved for summary judgment dismissing all causes of action insofar as asserted against them except the cause of action for an accounting and, in effect, for summary judgment declaring that the auction transferring the plaintiff's proprietary lease and shares of stock in the subject apartment was valid. In support of their motion, the building defendants submitted, among other things, the proprietary lease, a notice to cure the default, a notice to terminate the plaintiff's occupancy and the proprietary lease and to sell the plaintiff's shares of stock in the subject apartment at a foreclosure auction, and a notice of sale of the subject apartment, together with proof of service of the notices upon the plaintiff. The purchaser defendants separately moved for summary judgment dismissing the amended complaint insofar as asserted against them and, in effect, for summary judgment declaring that the auction transferring the plaintiff's proprietary lease and shares of stock in the subject apartment was valid. The Supreme Court, inter alia, granted the separate motions of the building defendants and the purchaser defendants. The plaintiff appeals.
The plaintiff contends that the submissions of the building defendants and the purchaser defendants were insufficient to demonstrate that the building defendants complied with various notice requirements prior to the auction transferring the plaintiff's proprietary lease and shares of stock in the subject apartment. This contention, however, was not raised in opposition to the separate motions of the building defendants and the purchaser defendants. Instead, the plaintiff improperly raised this contention for the first time on appeal, and therefore, it is not properly before this Court (see PNC Bank, N.A. v Lefkowitz, 185 AD3d 1068, 1069; Bank of Am., N.A. v Tobin, 168 AD3d 661, 664; Bank of Am., N.A. v Cudjoe, 157 AD3d 653, 654).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the auction transferring the plaintiff's proprietary lease and shares of stock in the cooperative apartment was valid (see Lanza v Wagner, 11 NY2d 317, 334).
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court